UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALAN LEE RITCHIE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   CIVIL NO. 1:16cv246 |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income (SSI) as provided for in the Social Security Act. 42 U.S.C. §416(I). Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g). The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since January 12, 2015, the application date (20 CFR 416.971 *et seq*.)(Exhibits B-6-D through B-8-D).

2. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, obesity, bipolar disorder, depression, anxiety and obsessive-compulsive disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b), except that he cannot climb ladders, ropes, and scaffolds or engage in frequent postural changes. However, the claimant is capable of balancing on a frequent basis and of occasional stooping, kneeling, crouching, crawling, simple instructions, make judgments on simple work related decisions, respond appropriately to unusual work situations and deal with changes in a routine work setting. As to social interactions, he can respond appropriately to occasional interactions with supervisors, co-workers, and the general public.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on November 17, 1971, and was 43 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since January 12, 2015, the date the application was filed (20 CFR 416.920(g)).

(Tr. 18- 33)

Based upon these findings, the ALJ determined that Plaintiff was not entitled to SSI

benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on December 30, 2016. On March 30, 2017, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

Plaintiff's sole argument is that the ALJ erred when she discounted the opinions of Plaintiff's treating physician, Ajit Pai, M.D. Accordingly, Plaintiff has waived any other basis on which to challenge the decision. *See Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913

(7th Cir. 2011) ("It is well established in our precedents that 'skeletal' arguments may be properly treated as waived, as may arguments made for the first time in reply briefs.") (citations omitted); *Schoenfeld v. Apfel*, 237 F.3d 788, 793 (7th Cir. 2001) ("'We have held time and again that perfunctory and undeveloped arguments (even constitutional ones) are waived.'") (quoting *United States v. Andreas*, 150 F.3d 766, 769 (7th Cir. 1998)).

In response to Plaintiff's argument, Defendant contends that the ALJ reasonably found that Dr. Pai's records and opinions were not consistent with those of a number of other medical providers and, as such, were due little weight.

The pertinent medical history is as follows. A March 20, 2014, MRI study of Plaintiff's back showed very mild bilateral foraminal narrowing at the L5-Sl disc level secondary to minimal anterolisthesis of L5 on S1. AR 20; AR 916. On April 2, 2014, Braden McKinley, N.P.C., wrote that Plaintiff had a stable gait, and no musculoskeletal pain or weakness with normal joint movement. AR 870, 1026. However, on April 30, 2014, Dr. Pai wrote that Plaintiff had an antalgic gait, moderate musculoskeletal tenderness and a positive straight leg raising test in the right leg with leg strength 5/5 in both legs. AR 1082.

On May 7, 2014, Braden McKinley, N.P.C., wrote that Plaintiff had a stable gait, and no musculoskeletal pain or weakness with normal joint movement. AR 866, 1022. However, on June 25, 2014, Dr. Pai wrote that Plaintiff had an antalgic gait, moderate musculoskeletal tenderness and a positive straight leg raising test in the right leg with leg strength 5/5 in both legs. AR 1086, 1190. On August 20, 2014, Dr. Pai wrote that Plaintiff had an antalgic gait, moderate musculoskeletal tenderness and a positive straight leg raising test in the right leg with leg strength 5/5 in both legs. AR 1088-89, 1193.

On August 28, 2014, Shelia Blakely, M.D. wrote that Plaintiff had no musculoskeletal tenderness and had normal range of motion. AR 951. On September 3, 2014, Abdali Jan, M.D., wrote that Plaintiff had a stable gait and no musculoskeletal pain or weakness with normal joint movement. AR 1018. On September 9, 2014, Laura Silver, N.P. wrote that Plaintiff had an unsteady gait (he stated he had been drinking) and no musculoskeletal pain or weakness with normal joint movement. AR 1012-13. On September 23, 2014, Laura Silver, N.P., wrote that Plaintiff had a stable gait and no musculoskeletal pain or weakness with normal joint movement. AR 1010. However, on October 22, 2014, Dr. Pai wrote that Plaintiff had an antalgic gait, moderate musculoskeletal tenderness and a positive straight leg raising test in both legs with leg strength 5/5 in both legs. AR 1091, AR 1195-96.

Yet, on October 28, 2014, Abdali Jan, M.D., wrote that Plaintiff had a stable gait and no musculoskeletal pain or weakness with normal joint movement. AR 1005. Then, on December 17, 2014, Dr. Pai wrote that Plaintiff had an antalgic gait, moderate musculoskeletal tenderness and a positive straight leg raising test in the left with leg strength 5/5 in both legs. AR 1095, 1199.

On January 20, 2015, Stephanie Shire, F.N.P.C., wrote that Plaintiff had a stable gait and no musculoskeletal pain or weakness with normal joint movement. AR 1001. However, on February 4, 2015, Dr. Pai wrote that Plaintiff had an antalgic gait, moderate musculoskeletal tenderness and a positive straight leg test in the right leg with leg strength 5/5 in both legs. AR 1098, 1048, 1203. Yet, on February 10, 2015, Shashank Kashyap, M.D., wrote that Plaintiff had a stable gait and no musculoskeletal pain or weakness with normal joint movement. AR 1116.

On March 10, 2015, Shashank Kashyap, M.D., wrote the Plaintiff had a stable gait and no musculoskeletal pain or weakness with normal joint movement. AR 1113. However, on April 1,

2015, Dr. Pai wrote that Plaintiff had an antalgic gait, moderate musculoskeletal tenderness, and a positive straight leg raising test in the left with leg strength 5/5 in both legs. AR 1151, 1207.

On May 8, 2015, Abdali Shakoor Jan, M.D., wrote that Plaintiff had no back/ musculoskeletal tenderness and normal range of motion in his extremities. AR1119. However, on May 27, 2015, Dr. Pai wrote that Plaintiff had an antalgic gait, moderate musculoskeletal tenderness and a positive straight leg raising test in the right leg with leg strength 5/5 equally in both legs. AR 1155, 1211. On July 22, 2015, Dr. Pai wrote that Plaintiff had an antalgic gait, moderate musculoskeletal tenderness and a positive straight leg raising test in both legs with leg strength 5/5 in both legs. AR 1215. Yet, on July 25, 2015, Heather Sickafoose, P.A., wrote that Plaintiff had no musculoskeletal tenderness and had normal range of motion. AR 1342.

On August 10, 2015, Braden McKinley, N.P., wrote that Plaintiff had no back/ musculoskeletal tenderness, normal range of motion in his extremities and normal motor function. AR 1183. On September 21, 2015, Braden McKinley, N.P., wrote that Plaintiff had no back/musculoskeletal tenderness, normal range of motion in his extremities and normal motor function. AR 1176.

On October 14, 2015, Dr. Pai wrote a prescription for a walking support cane. AR 1186. In an undated letter, Dr. Pai wrote that he did not think Plaintiff would be able to function in an eight-hour job which requires standing, sitting, bending, or lifting. AR 1313.

As noted, the only issue before the court is whether substantial evidence supports the ALJ's conclusion that Dr. Pai's opinions were entitled to little weight. The record shows that Dr. Pai prescribed Plaintiff a cane and offered an opinion that Plaintiff could not do an eight-hour job that required him to stand, sit, bend and lift due to back and leg pain. AR 1186, 1313. The ALJ

7

found that Dr. Pai's opinion was entitled to little weight. AR 26. In reaching this conclusion, the ALJ noted that Dr. Pai's examination findings contrasted with the findings made with other medical providers. AR 25-26. Plaintiff, however, contends that the inconsistency between Dr. Pai's notes and the observations of other medical personnel is not a valid basis on which to discount Dr. Pai's opinions. Plaintiff Br. 8-9.

The regulations specifically note that an ALJ can give less weight to an opinion if it is not consistent with the other records on whole. 20 C.F.R. § 416.927(c)(2)(4); see also 20 C.F.R. § 404.1527(c)(2)(4). In the present case, the ALJ specifically noted that "physical examinations by various healthcare providers at the primary care physician's office (Dr. Abdali Jan) have just as routinely shown the claimant to have a stable gait, no pain/tenderness, normal joint movement, and no muscle weakness." AR 25 (citing Exhibits 9-F, B-3-F, B-7-F, B-13-F and B-18-F (AR 864-904, 999-1032, 1112-1120, 1174-1185, 1314-1330)). In addition, the ALJ noted that observations from Dr. Pai's notes contrasted with notations from a hospital admission. AR 25 (comparing B15F with B20F (AR 1187-1220 with AR 1340-1384)).

The record clearly and vividly shows that Plaintiff presented in one manner with general practitioners, but suddenly became worse every time he saw Dr. Pai, his pain specialist. Thus, the ALJ correctly concluded that the information received by Dr. Pai was not entirely accurate and, as such, neither were his opinions. This was a proper conclusion for the ALJ to make. *See Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012) ("We do not reweigh the evidence or substitute our own judgment for that of the ALJ; if reasonable minds can differ over whether the applicant is disabled, we must uphold the decision under review."); *Donahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir. 2002) ("resolution of competing arguments based on the record is for the ALJ, not the

8

court").

The ALJ acknowledged that Dr. Pai was a specialist and had a history of treating Plaintiff. AR 26. While the ALJ concluded that it was reasonable that Plaintiff had some limitations, Dr. Pai's specialty or treatment history was not enough to outweigh the inconsistencies in Plaintiff's presentation.

Plaintiff contends that it was wrong for the ALJ to rely on a March 2014 MRI in discounting Dr. Pai's opinion. Plaintiff Br. 9-10; AR 916 (March 20, 2014 MRI report). However, the ALJ did not specifically rely on that MRI in discounting Dr. Pai's opinions. See AR 25-26, 26-27. In any event, to the extent that Plaintiff contends that the ALJ "played doctor" in interpreting the MRI report, the record shows that the MRI was reviewed and considered by state agency reviewing physicians Richard Wenzler, M.D. (AR 173) and J. Sands, M.D. (AR 188) both of whom the ALJ gave substantial weight (AR 27), and both of whom found that Plaintiff could do light work with some postural limitations (AR 172-74, 187-89), as did the ALJ (AR 24). Thus, the ALJ properly discounted Dr. Pai's opinion pursuant to the regulations.

Accordingly, as substantial evidence supports the ALJ's decision, the decision will be affirmed.

## Conclusion

On the basis of the foregoing, the ALJ's decision is hereby AFFIRMED.

Entered: June 14, 2017.

s/ William C. Lee
William C. Lee, Judge
United States District Court